UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE GILBERT, *Pro Se*, | ) | Case No.: 1:25 CV 1627 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN IAN HEALY, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is *Pro Se* Petitioner Tyrone Gilbert's ("Petitioner" or "Gilbert") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (ECF No. 1), Gilbert's Motion to Expedite Proceedings ("Motion to Expedite") (ECF No. 2), and Respondent Ian Healy's ("Respondent" or "Healy") Answer to the Petition/Motion to Dismiss ("Motion to Dismiss") (ECF No. 7). For the following reasons, the court grants Respondent Healy's Motion to Dismiss Gilbert's § 2241 Petition, dismisses Gilbert's § 2241 Petition, and denies Gilbert's Motion to Expedite Proceedings as moot.

## I. BACKGROUND

On September 11, 2018, Gilbert entered into an agreement with the United States to plead guilty to Counts 1 and 2, Possession of a Controlled Substance with the Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and Count 3, Possession of Firearm and/or

Ammunition by Convicted Felon in violation of 21 U.S.C. § 922(g)(1). (Mot. to Expedite Ex. 2 at PageID 22, ECF No. 2-2.) On April 29, 2019, the court sentenced Gilbert to imprisonment of 138 months as to Counts 1 and 2, and 120 months as to Count 3, with terms to run concurrent and credit for time served. (Mot. to Dismiss Ex. 2 at PageID 45, ECF No. 7-2.) Gilbert is set to be released on April 3, 2027. (*Id.* at PageID 38.)[1]

On November 1, 2024, Gilbert filed a motion for compassionate release in his criminal case. (Case No. 17-CR-239, ECF No. 111.) In the motion, Gilbert asserted that the Federal Bureau of Prisons ("BOP") revoked his early release and halfway house placement by retroactively deeming him ineligible for good time credits that he purportedly earned by successfully completing a rehabilitative program. (*Id.* at PageID 939–40.) Gilbert argued that the BOP's revocation was unjust and contrary to the court's sentencing determination, which he claims convicted him of heroin-related charges only. (*Id.* at PageID 940.) Thus, through his compassionate release motion, Gilbert asked the court to reinstate his good time credit, reinstate his original release date, and reassign him to halfway house placement under the First Step Act because: 1) revocation of his good time credit was unjust; and 2) his son requires his support. (*Id.* at PageID 940, 943, 946.) The Government filed a motion to dismiss his claim, insofar as it relates to good time credit, arguing Gilbert must bring a writ of habeas corpus under 28 U.S.C. § 2241, and opposed the second claim. (Case No. 17-CR-239, ECF No. 116.)

On April 30, 2025, the court granted the Government's motion to dismiss Gilbert's motion for compassionate release with regard to the good time credit issue, concluding that Gilbert's

---

[1]     *See also* Federal Inmate Locator, https://www.bop.gov/inmateloc/?os=vb.&ref=app. (last visited March 5, 2026).

challenge to the BOP's application of good time credit must be made via 28 U.S.C. § 2241. (Case No. 17-CR-239, ECF No. 118.) The court also denied Gilbert's motion for compassionate release because the family circumstances he presented, his son's health issues, did not constitute extraordinary and compelling circumstances at that time. (*Id.*)

Consistent with the court's Order, dismissing Gilbert's motion for compassionate release, Gilbert filed the instant § 2241 Petition on August 5, 2025, asserting as his sole claim for relief the good time credit issue improperly raised via his earlier compassionate release motion. (Pet. at PageID 11.) That same day, Gilbert filed a Motion to Expedite Proceedings (ECF No. 2), arguing that an expedited proceeding regarding his § 2241 Petition along with a favorable ruling would result in his "immediate release towards prerelease custody." (Mot. to Expedite at PageID 17.) On January 2, 2026, Gilbert moved the court to order the Government to respond to his § 2241 Petition. (ECF No. 5.) The court granted the motion on January 8, 2026, and ordered the Government respond within two weeks. On January 21, 2026, Respondent Healy filed the Answer/Motion to Dismiss considered herein. (ECF No. 7.) All pending motions are now ripe for review.

## II. LAW AND ANALYSIS

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).

Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel.

-3-

*Urbina v. Thoms,* 270 F.3d 292, 295 (6th Cir. 2001). However, this court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under 28 U.S.C. § 2243).

Gilbert asserts a single claim for relief in his § 2241 Petition. The claim reads: "The BOP's action in revoking Mr. Gilbert's earned time credits is unlawful and violates his rights under the First Step Act. The BOP's misinterpretation of his conviction contravenes the sentencing court's findings and the plea agreement, resulting in an unjust extension of his incarceration." (Pet. at PageID 11.) Like he argued in his motion for compassionate release, Gilbert asserts that the judgment in his criminal case along with the discussion at his change of plea hearing show a conviction only for heroin, not Fentanyl. (*Id.* at PageID 6–7; *see also* Mot. to Expedite Exs. 2–3.) Respondent argues that Gilbert's claim for relief fails because his conviction was for heroin and Fentanyl, thus making him ineligible to receive the good time credits he seeks and dismissal of his § 2241 Petition proper. (Mot. to Dismiss at PageID 39.) Respondent's argument is well-taken.

Generally, a § 2241 petition arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Such a petition "is a vehicle...for challenging matters...such as the computation of good-time credits." *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (citing *Cohen v. United States*, 593 F.2d 766, 770–71 (6th Cir. 1979)). The good time credits Gilbert seeks are incentives provided to inmates who participate in assigned Evidence Based Recidivism Reduction ("EBRR") programming and other productive activities. *See* 18 U.S.C. § 3632(d)(2). But not all

-4-

inmates can benefit from the incentives. The First Step Act provides a list of 68 offenses and/or penalties that render an inmate "ineligible to receive time credits." 18 U.S.C.A. § 3632(d)(4)(D)(i)–(lxviii). One of those disqualifying offenses is a conviction under 21 U.S.C. § 841(b)(1) "relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof." § 3632(d)(4)(D)(lxvi). The compound of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide is more commonly known as Fentanyl. *See* DRUG ENF'T ADMIN., FENTANYL, https://www.deadiversion.usdoj.gov/drug_chem_info/fentanyl.pdf (last visited March 5, 2026).

Here, Gilbert plead guilty to Counts 1, 2, and 3 of the Indictment. (Mot. to Dismiss Ex. 2, at PageID 45.) Count 2 of the Indictment charges Gilbert with "knowingly and intentionally possess[ing] with intent to distribute approximately 978.6 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and FlouroIsoButyrylFentanyl, a Schedule I controlled substance analogue." (*Id.* Ex. 1, at PageID 43.) Additionally, the plea agreement Gilbert attached as an exhibit to his Motion to Expedite demonstrates that he plead guilty to possession of heroin *and* Fentanyl:

19. **Stipulated Guideline Computation.** The parties agree that the following calculation, using the current advisory Sentencing Guidelines Manual, represents the correct computation of the applicable offense level. The parties agree that Counts 1, 2, and 3 of the Indictment merge for purposes of calculating the applicable offense level.

| Possession with Intent to Distribute Heroin and FlouroIsoButyrylFentanyl | | |
|---|---|---|
| Base offense level: 3-10 kilos of heroin | 32 | § 2D1.1(c)(4) |
| Possession of a Firearm | +2 | § 2D1.1(b)(1) |
| Subtotal before Acceptance of Responsibility | 34 | |

Unless otherwise agreed to below, the parties agree that no other specific offense characteristics, Guideline adjustments or Guideline departures apply.

(Mot. to Expedite Ex. 2 at PageID 23.) Thus, despite Gilbert's contentions that he plead guilty to two counts of possession with intent to distribute heroin only, his criminal case record plainly shows otherwise. Furthermore, at sentencing, Gilbert's defense counsel acknowledged the Fentanyl-related conviction, thereby ceasing any doubt that the BOP's determination of ineligibility was contrary to the court's sentencing determination. (Case No. 17-CR-239, Sentg. Hrg. Tr. at PageID 565, ECF No. 74) ("Obviously, this is a difficult case because it involves some serious amounts of controlled substances, including Fentanyl[.]"). Resultantly, Gilbert is disqualified from receiving the good time credit incentive as provided by the First Step Act.

Because Gilbert is ineligible for the good time credits he seeks, his single claim for relief fails, and his § 2241 Petition must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the court hereby grants Respondent Healy's Motion to Dismiss Gilbert's § 2241 Petition (ECF No. 7) and dismisses Gilbert's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1). Gilbert's Motion to Expedite Proceedings (ECF No. 2) is denied as moot.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 9, 2026

-6-